IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUWSHA ALWAN | : | CIVIL ACTION |
| v. | : | |
| PAMELA P. DEMBE, et al. | : | NO. 14-4001 |

FILED

AUG 22 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

MEMORANDUM

JONES, J.                                                              AUGUST 22, 2014

Plaintiff Yuwsha Alwan brings this civil rights action based on criminal proceedings that were brought against him in the Philadelphia Court of Common Pleas. CP-51-CR-0012299-2011. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

I.      FACTS[1]

Plaintiff alleges that he was "falsely arrested on August 25, 2011, and falsely charged with the crimes of murder, conspiracy, robbery, and related offenses." (Compl. ¶ 6.) Specifically, plaintiff appears to be claiming that he was maliciously prosecuted because evidence at his October 26, 2011 preliminary hearing established that he was not guilty of the crimes with which he was charged. The docket indicates that plaintiff was represented at the hearing by Robert Gamburg, who also represented him through trial. It appears that an individual named Robert Gray had initially given a statement to authorities implicating plaintiff. At the hearing, however, Gray—who admitted his own involvement in the murder—testified that he did not know plaintiff and that plaintiff was not involved in committing the murder. Gray further testified that he did

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available dockets of plaintiff's criminal proceeding in state court.

1

not implicate plaintiff and that, instead, "Harkins, McDermott, and Sax [--two detectives and the Assistant District Attorney prosecuting the case--] implicated Plaintiff in the crime of murder." (*Id.* ¶ 12.) Despite that testimony, the charges against plaintiff were not dismissed.

Approximately a year later, Judge Lillian H. Ransom presided over a hearing in plaintiff's case. According to plaintiff, the purpose of the hearing was to address discovery matters and so that the prosecutor could "explain the crimes and charges" brought against plaintiff. (Compl. ¶ 13.) It appears that, at the hearing, Judge Ransom granted a continuance and cancelled plaintiff's trial date. Plaintiff was dissatisfied with that ruling and submitted a complaint to President Judge Pamela P. Dembe expressing concerns about Judge Ransom's and Sax's "misconduct" in delaying his case. He asked Judge Dembe to assist him in getting an earlier trial date and to stop the alleged misconduct.

After an August 2013 jury trial presided over by Judge Barbara A. McDermott, plaintiff was found guilty of several charges, including second-degree murder, even though Gray testified at trial as he did at the preliminary hearing. Plaintiff received new attorneys for purposes of his appeal, which is currently pending before the Pennsylvania Superior Court. *See* 2619 EDA 2013. Plaintiff also filed a "Motion for Production of Transcripts and Other Related Documents" in the Court of Common Pleas, which remains pending.

Based on the above allegations, plaintiff brought this action, purportedly pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985 & 1985, claiming violations of his constitutional rights. He claims that the defendants—all of whom appear to be judges on the Philadelphia Court of Common Pleas (including Judges Ransom and McDermott), prosecutors with the Philadelphia District Attorney's Office (including Sax), officers of the Philadelphia Police Department, and criminal defense attorneys (including Gamburg)—" conspired against his rights," presumably in

connection with his arrest and prosecution by, among other things, "depriv[ing] him of the right to a fair public trial by an impartial jury."[2] (Compl. ¶ 5.) He also contends that he "never received a copy of the arrest warrant, the search warrant, criminal complaint and affidavit of probable cause, and any documents related to [his] extradition," and that his efforts to obtain those documents from the court were unsuccessful. (*Id.* ¶¶ 7-8.) He seeks an order requiring the defendants to "identify, produce and certify a true and correct copy of any and all documents that either incriminate and/or exonerate Plaintiff" in his criminal case. He also seeks a declaration that his rights were violated and that this matter be referred to the United States Attorney for this district for the initiation of criminal charges.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] This Court, having served as President Judge of the Philadelphia Court of Common Pleas nearly six (6) years ago, is personally acquainted with each defendant except for defendants Gamburg, Harkins, Det. McDermott, Gifford, Long and Mangoni. As such, this Court has an ethical obligation to disclose. However, there is no concomitant obligation to recuse, and there is no basis on which to do so.

(quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Although the complaint includes 42 U.S.C. §§ 1981 & 1982, as two of the bases for plaintiff's claims, those statutes have no application here. Section 1981 provides for equal rights in the making and enforcing of contracts, and § 1982 provides for equal rights in the context of housing. Neither of those provisions is relevant at all to this case, which is based on alleged violations of plaintiff's constitutional rights in connection with his criminal proceeding. Additionally, although the complaint references 18 U.S.C. §§ 241 & 242, those criminal statutes are "inapplicable" to plaintiff's civil suit. *See Bullard v. Bureau of Unemployment and Allowances*, 516 F. App'x 111, 112 n.3 (3d Cir. 2013) (per curiam); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The majority of plaintiff's claims under 42 U.S.C. §§ 1983, 1985 & 1986, are not cognizable. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544

U.S. 74, 81-82 (2005) (emphasis omitted). That principle holds true for claims brought under §§ 1985 & 1986. *See Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam). To the extent that plaintiff is asserting violations of his constitutional rights based on his assertions that he was maliciously prosecuted, falsely convicted based on fabricated evidence, denied a fair or speedy trial, and/or denied access to exculpatory evidence, his claims are barred. Success on those claims would necessarily imply the invalidity of plaintiff's convictions, which, at this point, have not yet been invalidated on appeal, in post-conviction proceedings, or by issuance of a writ of *habeas* corpus. The same is true to the extent plaintiff is alleging that the state court or other defendants' failures to provide him, or his counsel, with certain documents interfered with his right to a fair trial or his ability to proceed on appeal, because success on such claims would necessarily imply the invalidity of his convictions.[3]

To the extent that success on plaintiff's false arrest claim or any related false imprisonment claim would not necessarily imply the invalidity of his convictions, those claims are time-barred. A two-year statute of limitations governs plaintiff's § 1983 and § 1985 claims, while his § 1986 claims are governed by a one-year limitations period. *See* 42 U.S.C. § 1986; 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). Plaintiff's false arrest claims accrued on August 25, 2011, when the arrest occurred, and his false imprisonment claim accrued by at least October 2011, when his preliminary hearing took place. *See Wallace*, 549 U.S. at 389; *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). As

---

[3] It appears that plaintiff is essentially requesting his own set of discovery in connection with this claim. It is not clear why plaintiff cannot obtain the documents referenced in his complaint from his attorney(s), and how the failure of the court to provide plaintiff with personal copies of certain documents violated his rights when he was, and continues to be, represented by counsel. In any event, federal courts do not normally issue the type of injunction sought by plaintiff. *See Wallace v. Fegan*, 455 F. App'x 137, 140 (3d Cir. 2011) (per curiam).

plaintiff filed his complaint on June 20, 2014—the date that he delivered it to prison authorities to be mailed to the Court, *see Houston v. Lack*, 487 U.S. 266, 276 (1988)— which is more than two years beyond the date his claims accrued, those claims are time-barred.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot cure the deficiencies in his pleading. Accordingly, he will not be given leave to file an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice as legally frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). An appropriate order follows.